PROB 12C
(04/08)

May 30, 2017
pacts id: 325180

# UNITED STATES DISTRICT COURT
## FOR THE
## SOUTHERN DISTRICT OF CALIFORNIA

### Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Demetrius Dontai Windom (English)          **Dkt No.:** 13CR04225-001-H

**Also Known As:** Demetrius Windom-Donita

**Reg. No.:** 40806-298

**Name of Sentencing Judicial Officer:** The Honorable Marilyn L. Huff, Senior U.S. District Judge

**Original Offense:** 8 U.S.C. § 1324(a)(1)(A)(ii) and (v)(II), Transportation of Illegal Aliens and Aiding and Abetting, a Class C felony.

**Date of Revocation Sentence:** May 23, 2016

**Sentence:** 6 months' custody; 1 year's supervised release. *(Special Conditions: Refer to Judgment and Commitment Order.)*

**Type of Supervision:** Supervised Release          **Date Supervision Commenced:** August 25, 2016

**Asst. U.S. Atty.:** Alexandra P. Foster          **Defense Counsel:**   Keith H. Rutman
                                                                            (Appointed)
                                                                            (619) 237-9072

**Violation History:** Yes. Please refer to prior court correspondence.

---

## PETITIONING THE COURT

### TO ISSUE A NO-BAIL BENCH WARRANT

The probation officer believes that the offender has violated the following conditions of supervision:

| CONDITIONS | ALLEGATIONS OF NONCOMPLIANCE |
|---|---|
| **(Mandatory Condition)** <br> Not commit another federal, state, or local crime. *(nv1)* | 1. On or about January 30, 2017, Mr. Windom drove a motor vehicle without a valid license, in violation of California Vehicle Code § 12500(a), a misdemeanor, as evidenced by Riverside County Sheriff's Department Citation No. 303734. |

***Grounds for Revocation:*** I have received and reviewed Riverside County Sheriff's Department Citation No. 303734, which reflects that on or about January 30, 2017, at approximately 7:00 a.m., Mr. Window was cited for the following traffic violations: California Vehicle Code § 12500(a), Driving without a Valid License; California Vehicle Code § 5200(a), No Rear License Plate on Vehicle (an infraction), and California Vehicle Code § 16028(a), No Proof of Insurance (an infraction).

PROB12(C)
Name of Offender: Demetrius Dontai Windom                                    May 30, 2017
Docket No.: 13CR04225-001-H                                                      Page 2

**(Mandatory Condition)**
The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. Submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter. Testing requirements will not exceed submission of more than four (4) drug tests per month during the term of supervision, unless otherwise ordered by the court. *(nv3)*

2. On or about January 6, 2017, Mr. Windom used cocaine, marijuana, and opiates, controlled substances, as evidenced by his written admission to the probation officer (on February 8, 2017).

3. On or about January 13, 2017, Mr. Windom used cocaine, opiates, methamphetamine, and marijuana, controlled substances, as evidenced by his written admission to the probation officer (on February 8, 2017).

4. Mr. Windom used a controlled substance, as evidenced by the urine sample he submitted in the Central District of California on February 8, 2017, which confirmed positive for marijuana metabolite.

5. Mr. Windom used a controlled substance, as evidenced by the urine sample he submitted in the Central District of California on March 1, 2017, which confirmed positive for marijuana metabolite.

6. Mr. Windom used a controlled substance, as evidenced by the urine sample he submitted in the Central District of California on or about March 16, 2017, which confirmed positive for marijuana metabolite.

*Grounds for Revocation:* As to allegation 2, on or about January 6, 2017, Mr. Windom submitted a urine sample in the Central District of California; the sample subsequently screened positive for cocaine, opiates, and cannabinoids (marijuana). On February 8, 2017, when confronted with the positive test results, Mr. Window admitted to the use of illicit substances. He then signed an admission form, formally acknowledging his use of cocaine, marijuana, and opiates.

As to allegation 3, on or about January 13, 2017, Mr. Windom submitted a urine sample in the Central District of California; the sample subsequently screened positive for cocaine, opiates, amphetamines, and cannabinoids (marijuana). On February 8, 2017, when confronted with the positive test results, Mr. Window admitted to the use of illicit substances. He then signed an admission form, formally acknowledging his use of cocaine, marijuana, methamphetamine, and opiates.

As to allegation 4, I have received and reviewed the written laboratory notification from Alere Toxicology Services, verifying that the urine specimen submitted by Mr. Windom on February 8, 2017, confirmed positive for marijuana metabolite.

As to allegation 5, I have received and reviewed the written laboratory notification from Alere Toxicology Services, verifying that the urine specimen submitted by Mr. Windom on March 1, 2017, confirmed positive for marijuana metabolite.

PROB12(C)
Name of Offender: Demetrius Dontai Windom

May 30, 2017

Docket No.: 13CR04225-001-H

Page 3

As to allegation 6, I have received and reviewed the written laboratory notification from Alere Toxicology Services, verifying that the urine specimen submitted by Mr. Windom on March 16, 2017, confirmed positive for marijuana metabolite.

## VIOLATION SENTENCING SUMMARY

### SUPERVISION ADJUSTMENT

On September 7, 2016, following his release from federal custody, Mr. Windom reported to the U.S. Probation Office in El Centro, California. He reported he had no money, housing, and he no longer had significant ties to the Southern District of California. He then requested permission to reside with family in Hemet, California (located in the Central District). The probation officer allowed Mr. Windom to travel to Hemet, pending formal acceptance of his supervision by the Central District. When the Central District conducted their initial investigation of Mr. Windom's purported residence in Hemet, they discovered Mr. Windom was no longer residing there. Unbeknownst to the probation officers (in both the Southern and Central Districts), Mr. Windom had relocated to San Bernardino, California, without permission or notification. On January 6, 2017, Mr. Windom's case was officially accepted by the Central District (after confirmation of the San Bernardino address).

As evidenced by the above-noted allegations of noncompliance, by the time the Central District officially assumed supervision of Mr. Windom's case, he was actively abusing drugs. According to Mr. Windom's probation officer in the Central District, Mr. Windom was instructed to enter a residential substance abuse treatment program. Specifically, he was offered an opportunity to immediately enter the Salvation Army Residential Drug Treatment Program. To his credit, Mr. Windom admitted himself into the Salvation Army program on February 9, 2017. However, he left the program a few days later, on February 15, claiming he was not comfortable with the program's religious component. Based on his initial willingness to participate in treatment, Mr. Windom was given a second opportunity to enter another program. He told the probation officer he was making telephone calls daily to the Gibson House and the Cedar House (residential treatment programs). Unfortunately, he failed to follow through with a second program and eventually abandoned any attempts to participate in residential treatment.

### OFFENDER PERSONAL HISTORY/CHARACTERISTICS

Mr. Windom is a 33-year-old male; he last reported residing in San Bernardino, California. With respect to employment, Mr. Windom reported he had obtained employment towards the end of March 2017. He told the probation officer he was working for a "private" contractor (Lincoln), working on a commission-based salary. He indicated his duties were telephonic collections. The probation officer subsequently contacted the company and learned that Mr. Windom only worked for the company for a few days before being terminated. He failed to notify the Probation Officer of such. The company was aware of Mr. Windom's supervision status, as the company works with felons. It was reported that Mr. Windom simply did not seem to care much for the employment. He was making unacceptable comments to customers. Furthermore, when offered additional training over the weekend, he declined, stating "weekends are my time."

PROB12(C)
Name of Offender: Demetrius Dontai Windom                                   May 30, 2017
Docket No.: 13CR04225-001-H                                                         Page 4

Mr. Windom is concurrently being supervised by San Bernardino County Probation Office. The county probation matter stems from Mr. Windom's conviction in Imperial County Superior Court, Dkt. No. JCF34731, which was the basis of his previous petition for warrant (dated March 9, 2015).

## SENTENCING OPTIONS

## CUSTODY

**Statutory Provisions:** Upon the finding of a violation, the court may modify the conditions of supervision; extend the term (if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. 18 U.S.C. § 3583(e)(2) and (3).

Mandatory Revocation: If it is determined that the offender has violated the conditions of supervised release by testing positive for illegal substances more than 3 times during the course of 1 year, the court shall revoke supervised release and impose a sentence that includes a term of imprisonment. 18 U.S.C. § 3583(g)(4).

If the court revokes supervised release, the maximum term of imprisonment upon revocation is 2 years. 18 U.S.C. § 3583(e)(3).

**USSG Provisions:** The allegations (Driving Without a License and Use of a Controlled Substance) constitute Grade C violations. USSG §7B1.1(a)(3)(A)(B), p.s.

Upon a finding of a Grade C violation, the court may (A) revoke supervised release; or (B) extend the term and/or modify the conditions of supervision. USSG §7B1.3(a)(2), p.s.

A Grade C violation with a Criminal History Category V (determined at the time of sentencing) establishes an **imprisonment range of 7 to 13 months.** USSG § 7B1.4, p.s. It is noted that in the case of a Grade C violation, and where the minimum term of imprisonment determined under USSG §7B1.4, p.s., is more than six months but not more than ten months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement... provided that at least one-half of the minimum term is satisfied by imprisonment. USSG §7B1.3(c)(2), p.s.

Since "the original sentence was the result of a downward departure ... an upward departure may be warranted" upon revocation. The court can depart from the available imprisonment range and impose a sentence of up to the statutory maximum of 24 months. USSG §7B1.4, p.s., comment. (n.4), and 18 U.S.C. § 3583(e)(3).

Finally, if supervised release is revoked and a term of imprisonment is imposed, the court shall order that the term of imprisonment be served consecutively to any sentence of imprisonment the offender may be serving. USSG §7B1.3(f), p.s.

## REIMPOSITION OF SUPERVISED RELEASE

If supervised release is revoked and the offender is required to serve a term of imprisonment, the court can reimpose supervised release upon release from custody. The length of such a term shall not exceed the term of

PROB12(C)
Name of Offender: Demetrius Dontai Windom                                   May 30, 2017
Docket No.: 13CR04225-001-H                                                        Page 5

supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C.§ 3583(h).

In this case, the court has the authority to reimpose a term of <u>30 months'</u> supervised release, less any term of imprisonment imposed upon revocation. The court has previously imposed an aggregate of 6 months' custody in this case. 18 U.S.C. § 3583(b).

## JUSTIFICATION FOR BENCH WARRANT

Mr. Windom has shown no interest in his rehabilitation. Although he is actively abusing substances, he ceased all efforts to comply with residential drug treatment. He poses a risk of harm to himself or others, and given his prior revocation history, he may be a risk of flight. For these reasons, a warrant is justified.

## RECOMMENDATION/JUSTIFICATION

If the allegations of noncompliance are sustained, it is respectfully recommended supervised release be revoked and Mr. Windom be sentenced to 10 month's custody, with no additional term of supervised release to follow. Mr. Windom has shown little initiative concerning his rehabilitation and successful integration in the community. Because he is unwilling to follow through with treatment requirements, he is deemed unamenable to continued supervision in the community. As such, reimposition of supervised release is not recommended herein.

**I declare under penalty of perjury that the foregoing is true and correct.**

**Executed on: May 30, 2017**

Respectfully submitted:                                  Reviewed and approved:
DAVID J. SULTZBAUGH
CHIEF PROBATION OFFICER

by

Lorena Gonzalez                                          Pascual Linarez
Senior U.S. Probation Officer                            Supervising U.S. Probation Officer
(760) 339-4215

PROB12CW                                                                         May 30, 2017

## VIOLATION SENTENCING SUMMARY

1. **Defendant:**  Windom, Demetrius Dontai

2. **Docket No.** (Year-Sequence-Defendant No.):  13CR04225-001-H

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1):

| Violations | Grade |
|---|---|
| Driving Without a License | C |
| Use of a Controlled Substance | C |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

4. **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b))                      [   C   ]
5. **Criminal History Category** (*See* USSG § 7B1.4(a))                           [   V   ]
6. **Range of Imprisonment** (*See* USSG § 7B1.4(a))          [7 to 13          months ]

7. **Unsatisfied Conditions of Original Sentence**:  List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (*See* USSG § 7B1.3(d)):

| Restitution ($) | _____ | Community Confinement | _____ |
|---|---|---|---|
| Fine($) | _____ | Home Detention | _____ |
| Other | _____ | Intermittent Confinement | _____ |

PROB12(C)

Name of Offender: Demetrius Dontai Windom

Docket No.: 13CR04225-001-H

May 30, 2017

Page 7

---

## THE COURT ORDERS:

___X___ AGREE.   A NO-BAIL BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS.

_____ DISAGREE.   THE ISSUANCE OF A SUMMONS ORDERING THE OFFENDER TO APPEAR BEFORE THE COURT ON _____, AT _____, TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED.

_____ Other _____

_____

_____

The Honorable Marilyn L. Huff

Senior U.S. District Judge

Date 5/31/17